IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE LUIS SEGURA,

        Plaintiff,               No. 2:13-cv-0393 AC P

        vs.

MICHAEL MCDONALD, et al.,

        Defendants.        <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Pursuant to the order filed on March 5, 2013 (ECF No. 3), plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order,  plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

1

1  direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

2  and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

3  payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

4  account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

5  each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

6  U.S.C. § 1915(b)(2).

7        The court is required to screen complaints brought by prisoners seeking relief

8  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

9  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

10 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

11 granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

12 § 1915A(b)(1),(2).

13       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

14 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

15 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

16 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

17 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

18 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

19 Cir. 1989); Franklin, 745 F.2d at 1227.

20       A complaint must contain more than a "formulaic recitation of the elements of a

21 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

22 speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading

23 must contain something more...than...a statement of facts that merely creates a suspicion [of] a

24 legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and

25 Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual

26 matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

1  556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility

2  when the plaintiff pleads factual content that allows the court to draw the reasonable inference

3  that the defendant is liable for the misconduct alleged."  Id.

4        In reviewing a complaint under this standard, the court must accept as true the

5  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

6  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

7  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

8        The gravamen of plaintiff's complaint is that various unnamed correctional

9  officials (Does 1 -10) at High Desert State Prison (HDSP) violated his Eighth Amendment rights

10  by placing an inmate with a history of violence as plaintiff's cellmate, resulting in plaintiff's

11  being stabbed six months later. The only individuals plaintiff has named as defendants are high-

12  ranking authorities (or former authorities) HDSP Warden Michael McDonald and Matthew Cate,

13  former Secretary of the California Department of Corrections and Rehabilitation (CDCR).  See

14  Complaint.

15        Plaintiff alleges that unnamed members of a classification committee at HDSP

16  elected to remove an inmate named Steve Horky from single cell status in early March of 2011.

17  Inmate Horky had been single-celled for the prior ten years due to his violent behavior, including

18  attacking one or more cellmates.  Plaintiff was compelled to take Inmate Horky as a cellmate.  To

19  refuse a cellmate/housing assignment subjects an HDSP prisoner to the likelihood of a

20  disciplinary action against him.  Unlike the defendants, plaintiff was not aware of Horky's history

21  of violence.  On or about September 24, 2011 inmate Horky, without warning, attacked plaintiff,

22  stabbing him repeatedly.  Plaintiff had to be airlifted to a hospital in Reno, Nevada, where he

23  underwent treatment for three life-threatening puncture wounds.  Complaint, pp. 9 -11.

24        Plaintiff fails to allege facts linking any actions by defendants McDonald and Cate

25  to plaintiff's injury.  He appears to be seeking to implicate them for their alleged failures in a

26  supervisory capacity. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Defendants McDonald and Cate will be dismissed, but plaintiff will be granted leave to amend.

Regarding the unnamed Doe defendants, plaintiff is informed that Doe pleading in the federal courts is disfavored as a general rule.  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  In particular, the court cannot direct service of the complaint upon unnamed parties. Amendment is allowed, however, to substitute true names for fictitiously named defendants. Merritt v. County of Los Angeles, 875 F.2d 765 (9th Cir. 1989).  The Doe defendants will be dismissed, but plaintiff will be granted leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

1   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
2   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
3   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
4   there is some affirmative link or connection between a defendant's actions and the claimed
5   deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164,
6   167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague
7   and conclusory allegations of official participation in civil rights violations are not sufficient.  See
8   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

9           In addition, plaintiff is informed that the court cannot refer to a prior pleading in
10  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
11  complaint be complete in itself without reference to any prior pleading.  This is because, as a
12  general rule, an amended complaint supersedes the original complaint.  See Lacey v. Maricopa
13  County, 693 F.3d 896, 927 (9th Cir. 2012) ("the general rule is that an amended complaint
14  supercedes the original complaint and renders it without legal effect... .")  Once plaintiff files an
15  amended complaint, the original pleading no longer serves any function in the case.  Therefore, in
16  an amended complaint, as in an original complaint, each claim and the involvement of each
17  defendant must be sufficiently alleged.

18          In accordance with the above, IT IS HEREBY ORDERED that:

19          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

20          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
21  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
22  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
23  Director of the California Department of Corrections and Rehabilitation filed concurrently
24  herewith.

25          3.  The complaint is dismissed for the reasons discussed above, with leave to file
26  an amended complaint within twenty-eight days from the date of service of this order.  Failure to

1  file an amended complaint will result in a recommendation that the action be dismissed.

2  DATED: March 21, 2013.

3

4  _____
   ALLISON CLAIRE

5  UNITED STATES MAGISTRATE JUDGE

6

7  AC:009
   segu0393.b

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26