UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS SEGURA, | No. 2:13-cv-0393 AC P |
| Plaintiff, | |
| v. | ORDER |
| MICHAEL MCDONALD, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S. § 1983. On March 22, 2013, plaintiff's complaint was dismissed with leave to amend. ECF No. 5. Plaintiff filed an amended complaint, ECF No. 13, which the court found appropriate for service upon defendants McDonald and Villanueva. ECF No. 13 (order filed June 21, 2013). Upon plaintiff's submission of the documents necessary for service, the undersigned directed the U.S. Marshal to serve the first amended complaint. ECF No. 15 (order filed July 25, 2013). Although no executed waivers of service have been filed, on October 14, 2013 defendant McDonald sought and was granted a 45-day extension of time to file a response to the amended complaint. ECF Nos. 19 (request), 20 (order filed October 28, 2013). On November 1, 2013, plaintiff filed a motion for leave to file a second amended complaint. ECF No. 21

The basis for plaintiff's motion to amend is that he has subsequently acquired information that leads him to believe he has not named the correct defendants in his first amended complaint.

1

ECF No. 21. Defendants Villanueva and McDonald have filed a statement of non-opposition.[1] ECF No. 22. The primary basis for their lack of objection to further amendment is their contention that plaintiff's name had been signed on the first amended complaint by a jailhouse lawyer and not by plaintiff himself, rendering it defective. Id., citing Fed. R. Civ. P. 11(a) (requiring that every pleading or written motion be signed by an attorney or, if unrepresented, the party himself) and L.R. 131(b). In his reply, plaintiff invokes the provisions of Fed. R. Civ. P. 15(a)(1),[2] noting defendants' lack of objection to a further amended complaint but contending that he had no need to seek defendants' consent in the present circumstances. ECF No. 23.

Plaintiff's motion itself, however, is defective inasmuch as he has failed to provide a proposed second amended complaint for the court to evaluate. As a litigant proceeding in forma pauperis, plaintiff's pleadings are subject to review by this court pursuant to the in forma pauperis statute. See 28 U.S.C. § 1915. Nevertheless, the court will grant plaintiff's unopposed motion for leave to amend under Fed. R. Civ. P. 15(a). The second amended complaint will, of course, be subject to screening by the court. 28 U.S.C. § 1915A(a).

---

[1] Although no executed waivers of service have been filed, defendants in their statement of non-opposition to plaintiff's motion to amend assert that "more than twenty-one days have passed since defendants were served. . . ." Therefore, by virtue of the statement of non-opposition made on behalf of both defendants, the court finds that both defendants have appeared, or at a minimum, have waived service.

[2] Under Fed. R. Civ. P. 15(a) (1):

> [a] party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier.

Fed. R. Civ. P. 15(a) (2) applies to "all other cases" and sets forth that:

> a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

2

1 | Plaintiff is informed that the court cannot refer to a prior pleading in order to make
2 | plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be
3 | complete in itself without reference to any prior pleading.  This is because, as a general rule, an
4 | amended complaint supersedes the original complaint.  See Lacey v. Maricopa County, 693 F.3d
5 | 896, 927 (9th Cir. 2012) ) ("the general rule is that an amended complaint super[s]edes the
6 | original complaint and renders it without legal effect... .")  Once plaintiff files an amended (or
7 | further amended) complaint, the previous pleadings no longer serve any function in the case.
8 | Therefore, in an amended complaint as in an original complaint, each claim and the involvement
9 | of each defendant must be sufficiently alleged.  Although the allegations of this pro se complaint
10 | are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner,
11 | 404 U.S. 519, 520 (1972) (per curiam), plaintiff is required to comply with the Federal Rules of
12 | Civil Procedure and the Local Rules of the Eastern District of California.
13 | Accordingly, IT IS ORDERED that:
14 | 1. Plaintiff's unopposed motion for leave to amend his first amended complaint
15 | (ECF No. 21) is granted;
16 | 2. Plaintiff shall file a second amended complaint within thirty days from the date
17 | of service of this order; and
18 | 3. Plaintiff's second amended complaint must be signed in accordance with Fed.
19 | R. Civ. P. 11(a) and L.R. 131(b).
20 | DATED: January 15, 2014

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE